ORFINGER, J.,
concurring in result only.
I agree that Woods’ conviction must be reversed because his motion to suppress was erroneously denied. However, I do not agree that the police officers unlawfully detained Woods. Rather, I believe that suppression was mandated because under the totality of the circumstances, any reasonable person would have interpreted the officer’s direction to “please empty out your pockets” to be á command, not a request.
When Woods consented to a police search of his car, I believe the police were, as Judge Pleus argues, authorized to direct Woods to maintain a safe distance from the officers while they completed, the search he had consented to. Consequently, I disagree with Judge Thompson’s, assessment that the initial part of Woods’s encounter with the police constituted an illegal detention. Nonetheless, under the circumstances of this case, I believe that when the officer “asked” Woods to empty his pockets, his compliance with that request was simple acquiescence to the officer’s authority, and not a voluntary act on *564 his part. As a result, I agree that Woods’ suppression motion should have been granted and, therefore, concur with the result reached by Judge Thompson, though for different reasons.